No. 5671.

# THOMAS O. HOWARD, EXECUTOR, vs. METROPOLITAN LIFE INSURANCE COMPANY.

## Syllabus.

Where the application is referred to and made part of a policy of life insurance the two must be read together as forming one contract.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 98,515, Hon. T. C. W. Ellis, Judge.

E. A. Parsons, for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke, E. Phelps, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

Charles Howard married Annie Howard about forty years ago; of whom he had a son, the present plaintiff. Twenty years afterwards he abandoned them, and going to Texas married Maude Warde, without having previously divorced his first wife. In the absence of proof to the contrary, this Maude Warde is presumed to have acted in good faith.

After this second marriage Howard applied to the defendant for insurance upon his life and had issued to him a policy by the terms of which the company agreed to pay the amount insured "to one of the persons described below," the clause to which that had reference reading as follows:

"The company may pay the sum of money insured hereby to any relative by blood, or connection by marriage, of the insured, or to any other person appearing to said company to be equitably entitled to

— 93 —

the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production by this company of a receipt signed by any or either of said persons, or of other proof of such payment to any or either of them, shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

Standing by itself, such a policy names no beneficiary and forms part of the estate of the deceased; and we have already held that the clause above quoted was intended merely as a measure of protection for the insurance company when acting in good faith. **Abraham vs. Alexander, 7 Court of Appeal, p. 6.**

But the application on which this policy was issued names "Maude Howard, wife" as the beneficiary thereunder "subject to provisions of policy as to payment," and the policy declares that the application is "made part of the contract.'

The contract being therefore in two parts both must be read together, and when thus taken it results that Maude Howard is the beneficiary named in the contract.

And as her putative marriage to the assured gave her all the rights of a legal wife, she had an insurable interest in his life and a vested right in the policy, of which she could not be deprived. **(50 An., 1027; 42 An., 739; 33 An., 322.)**

There being then a beneficiary under the policy the proceeds thereof do not fall into the estate of the assured, and cannot be recovered by his executor. Nor could plaintiff individually acquire any interest in the policy by virtue of the will of the assured, for the policy was not his to bequeath, but belonged to the beneficiary named in the application made part of the policy.

It is claimed that on the faith of the policy as issued, being apparently payable to the estate of the deceased, plaintiff expended money on the assured during his last illness and for his burial, and that the defendant is now estopped from denying that the policy is payable according to the face thereof.

We think not. An insurance policy is not a negotiable instrument, and this policy on its face recited that the application formed part thereof. If plaintiff, with one part of the contract in his possession, and without even having seen the rest, chose to act upon it, he did so at his own risk and peril, and cannot claim an estoppel against the defendant who had a right to divide its contract into as many parts as it pleased.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the demands of plaintiff and intervenor herein be rejected at their cost in both Courts.

Judgment reversed.

Opinion and decree, November 25th, 1912.

Rehearing refused December 23rd, 1912.